Matter of N.V. (Araceli H.) (2025 NY Slip Op 06977)

Matter of N.V. (Araceli H.)

2025 NY Slip Op 06977

Decided on December 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 16, 2025

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Docket No. NA-16259/21|Appeal No. 5380|Case No. 2023-06224|

[*1]In the Matter of N.V., A Child Under Eighteen Years of Age, etc., Araceli H., Respondent, Carlos R. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Cynthia Lopez, J.), entered on or about October 25, 2023, which found, after a hearing, that respondent stepfather had sexually abused the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's findings that the stepfather was a person legally responsible for the child and that he sexually abused the eight year old child on three occasions while the child slept in the same bed as the mother and stepfather (see Matter of Alexis W. [Efrain V.], 159 AD3d 547, 547 [1st Dept 2018]; see also Matter of K.A. [Rayfie T.], 231 AD3d 608, 609 [1st Dept 2024]). The child's testimony was amply corroborated by out-of-court statements to Child Protective Services and school officials, and by the stepfather's own testimony that the child slept in the marital bed during the relevant period (see Matter of S.T.B. [Gerald C.], 225 AD3d 414, 415 [1st Dept 2024]). There is no reason to disturb the court's credibility findings (see Matter of J.M. [Jennifer L.], 239 AD3d 539, 540 [1st Dept 2025]).
Contrary to the stepfather's contentions, the court properly precluded questions regarding the child's prior bad acts on relevance grounds (see Alexis W., 159 AD3d at 548).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2025